SEALED

FILED

FEB - 4 2020

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2019
FEBRUARY 4, 2020 SESSION

UNITED STATES OF AMERICA

v.                              CRIMINAL NO. 2:20-00025
                                18 U.S.C. § 657
                                18 U.S.C. § 1006

DIANNE RICHARDSON

I N D I C T M E N T

The Grand Jury Charges:

COUNT ONE
(Financial Institution Embezzlement)

At all relevant times:

1.    Pioneer West Virginia Federal Credit Union (hereinafter
"PIONEER"), a corporation with its headquarters located in
Charleston, West Virginia, is a financial institution within the
meaning of 18 U.S.C. § 656, the accounts of which are insured by
the National Credit Union Administration.

2.    Defendant DIANNE RICHARDSON was employed by PIONEER at
the East Side Branch, Charleston, West Virginia, as a Teller.

3.    From n or about September 2013 and continuing through
in or about February 2019, at or near Charleston, Kanawha County,
West Virginia, within the Southern District of West Virginia, and
elsewhere, defendant DIANNE RICHARDSON, being an employee of
PIONEER, did knowingly and willfully, and with the intent to

inflict financial injury and to defraud the institution, embezzle, abstract, purloin and willfully misapply in excess of $1,000.00 of moneys, funds, credits, securities and other things of value belonging to PIONEER and pledged and otherwise entrusted to its care.

In violation of Title 18, United States Code, Section 657.

## COUNTS TWO THROUGH TWENTY-FOUR
### (False Entries)

1.   The allegations contained in paragraphs 1 through 3 of Count One of this Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

2.   From in or about September 2013 to on or about February 26, 2019, defendant DIANNE RICHARDSON made materially false entries in the books and records of PIONEER designed to conceal cash shortages at the PIONEER main branch in Charleston, West Virginia and prevent the shortages from being discovered, including falsifying cash in and cash out tickets, force balancing her teller drawer, falsifying cash reconcilement reports, and falsifying teller drawer and vault daily cash balancing reports, among others.

3.   On or about the following dates, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, and elsewhere, defendant DIANNE RICHARDSON, with the intent to injure and defraud PIONEER and to deceive an officer, agent, auditor and examiner for PIONEER, did knowingly make materially false entries, as set forth below, in the books, reports and statements of PIONEER, when in fact as defendant DIANNE RICHARDSON well knew, these entries  did not represent the actual

currency as stated in the report in that defendant DIANNE
RICHARDSON created false entries to benefit herself:

| Count | Date | False Entry |
|-------|------|-------------|
| TWO | 09/03/2013 | Cash balancing record falsely stating $8,500.00 in foreign currency in the teller drawer |
| THREE | 10/24/2013 | Cash balancing record falsely stating $15,000.00 in cash out transaction |
| FOUR | 11/20/2013 | Cash balancing record falsely stating $19,000.00 in cash out transaction |
| FIVE | 12/19/2013 | Cash balancing record falsely stating $25,500.00 in cash out transaction |
| SIX | 01/29/2014 | Cash balancing record falsely stating $27,000.00 in cash out transaction |
| SEVEN | 02/20/2014 | Cash balancing record falsely stating $30,500.00 in cash out transaction |
| EIGHT | 03/27/2014 | Cash balancing record falsely stating $37,000.00 in cash out transaction |
| NINE | 05/15/2014 | Cash balancing record falsely stating $46,500.00 in cash out transaction |
| TEN | 06/04/2014 | Cash balancing record falsely stating $47,500.00 in cash out transaction |
| ELEVEN | 07/30/2014 | Cash balancing record falsely stating $56,500.00 in cash out transaction |
| TWELVE | 09/03/2014 | Cash balancing record falsely stating $64,500.00 in cash out transaction |
| THIRTEEN | 10/29/2014 | Cash balancing record falsely stating $78,700.00 in cash out transaction |

| | | |
|---|---|---|
| FOURTEEN | 12/17/2014 | Cash balancing record falsely stating $86,000.00 in cash out transaction |
| FIFTEEN | 03/17/2015 | Cash balancing record falsely stating $95,500.00 in cash out transaction |
| SIXTEEN | 06/16/2015 | Cash balancing record falsely stating $106,000.00 in cash out transaction |
| SEVENTEEN | 02/24/2016 | Cash balancing record falsely stating $132,000.00 in cash out transaction |
| EIGHTEEN | 09/29/2016 | Cash balancing record falsely stating $156,000.00 in cash out transaction |
| NINETEEN | 11/23/2016 | Cash balancing record falsely stating $162,000.00 in cash out transaction |
| TWENTY | 03/13/2018 | Cash balancing record falsely stating $197,000.00 in cash out transaction |
| TWENTY-ONE | 05/22/2018 | Cash balancing record falsely stating $199,000.00 in cash out transaction |
| TWENTY-TWO | 08/29/2018 | Cash balancing record falsely stating $204,500.00 in cash out transaction |
| TWENTY-THREE | 10/30/2018 | Cash balancing record falsely stating $211,000.00 in cash out transaction |
| TWENTY-FOUR | 02/26/2019 | Cash balancing record falsely stating $222,000.00 in cash out transaction |

In violation of Title 18, United States Code, Section 1006.

## Notice of Forfeiture

1.   The allegations contained in Counts One through Twenty-Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(2)(A).

2.   Upon conviction of the offenses in violation of 18 U.S.C. § 657 and 18 U.S.C. § 1006 as set forth in Counts One through Twenty-Four of this Indictment, defendant DIANNE RICHARDSON shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s). The property to be forfeited includes, but is not limited to, a money judgment in the amount of $222,000.00.

3.   If any of the property described above, as a result of any act or omission of the defendant:

> a.   cannot be located upon the exercise of due diligence;
>
> b.   has been transferred or sold to, or deposited with, a third party;
>
> c.   has been placed beyond the jurisdiction of the court;
>
> d.   has been substantially diminished in value; or

6

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

   All pursuant to Title 18, United States Code, Section 982(a)(2)(A) and Title 28, United States Code, Section 2461(c).


        MICHAEL B. STUART
        United States Attorney

By: _____
        CHRISTOPHER R. ARTHUR
        Assistant United States Attorney